**UNITED STATES DISTRICT COURT**

**DISTRICT OF MINNESOTA**

| | |
|---|---|
| DESEAN LAMONT THOMAS, | Case No. 15-2197 (JRT/KMM) |
| Plaintiff, | |
| v. | **MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE** |
| PASTOR JAMES BZOSKIE, LIEUTENANT LAWRENCE HEART, LIEUTENANT BENJAMIN VERBY, and DAKOTA COUNTY MN, | |
| Defendants. | |

Desean Lamont Thomas, No. 228679, MCF-Rush City, 7600525th Street, Rush City, MN 55069, *pro se* plaintiff.

Jeffrey A. Timmerman and Helen R. Brosnahan, **DAKOTA COUNTY ATTORNEY'S OFFICE**, 1560 Highway 55, Hastings, MN 55033, for defendants.

On April 29, 2015, Plaintiff Desean Lamont Thomas filed an action under 42 U.S.C. § 1983 asserting that while in custody at the Dakota County Jail, Defendants Pastor James Bzoskie, Lieutenant Lawrence Heart, Lieutenant Benjamin Verby, and Dakota County ("Defendants")[1] violated Thomas's constitutional rights. (Compl., Apr. 29, 2015, Docket No. 1; Second Am. Compl., Aug. 11, 2016, Docket No. 115.) Specifically, Thomas alleged that: Pastor Bzoskie and Lieutenant Heart violated his First

---

[1] As provided in the R&R, although Captain Richard Schroeder and Commander Dan Scheuermann are listed as "defendants" on the docket, they should be terminated as Thomas has no claims against either defendant at this time. (*See* R&R at 1 n.1, May 8, 2017, Docket No. 198.)

Amendment right to free exercise of religion by preventing Thomas from gathering with other Muslims in the jail for communal worship; Pastor Bzoskie and Lieutenant Verby violated his First Amendment free-exercise rights by preventing him from keeping Islamic worship materials in his cell; Pastor Bzoskie and Lieutenant Heart violated his Fourteenth Amendment equal protection rights because they allowed members of other faiths to engage in communal worship; and that Pastor Bzoskie and Lieutenant Verby violated his Fourteenth Amendment equal protection rights by denying him worship materials while giving members of other religions preferential treatment. (*See* Second Am. Compl. ¶¶ D-G; Order at 9-10, 20-21 Aug. 11, 2016, Docket No. 112 (discussing claims against Lieutenant Heart and summarizing all claims)).

On November 30, 2016, Thomas moved for partial summary judgment, and on December 27, 2016, Defendants moved for summary judgment. On May 8, 2017, United States Magistrate Judge Katherine Menendez issued a Report and Recommendation ("R&R") recommending that the Court deny Thomas's motion and grant Defendants' motion. Subsequently, Thomas timely filed objections to the R&R.[2]

Thomas objects to the R&R on two grounds. First, he argues that the Magistrate Judge failed to address his claim that the jail unconstitutionally prohibited imam-led Islamic gatherings. Second, he requests the Court grant him leave to file two new affidavits and resubmit previous affidavits. Because Thomas never raised the first

---

[2] Thomas filed objections to the R&R on May 17, 2017, as well as a "motion for additional opportunities" on May 18, 2017. (Pl.'s Obj. to R&R, May 18, 2017, Docket No. 199; Pl.'s Mot. for Additional Opportunities., May 18, 2017, Docket No. 201.) In the interest of justice, the Court will construe both filed documents as Thomas's objections to the R&R.

objection before the Magistrate Judge, and because his second objection would not change the result of the R&R, the Court will overrule Thomas's objections, adopt the R&R, deny Thomas's motion for summary judgment, and grant Defendants' motion for summary judgment.

## DISCUSSION

### I. STANDARD OF REVIEW

Upon the filing of a report and recommendation by a magistrate judge, a party may "file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2); *accord* D. Minn. LR 72.2(b)(1). "The objections should specify the portions of the magistrate judge's report and recommendation to which objections are made and provide a basis for those objections." *Mayer v. Walvatne*, No. 07-1958, 2008 WL 4527774, at *2 (D. Minn. Sept. 28, 2008).

The Court reviews *de novo* any portion of an R&R "that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *accord* D. Minn. LR 72.2(b)(3). Accordingly, the Court will review the portions of the R&R that Thomas objected to *de novo*.

### II. THOMAS'S OBJECTIONS

Thomas does not object to the R&R's conclusion that the jail's prohibition of inmate-led Islamic gatherings is constitutional. Instead, he contends for the first time that the jail also unconstitutionally prohibited imam-led Islamic gatherings. While *pro se* plaintiffs are held to less stringent standards, the Court cannot consider arguments that were not presented to the Magistrate Judge. *See Ridenour v. Boehringer Ingelheim*

*Pharm., Inc.*, 679 F.3d 1062, 1067 (8th Cir. 2012) (collecting cases holding a court cannot consider arguments not before a magistrate judge); *see also Embaye v. Minneapolis Police Dep't*, No. 14-2896, 2016 WL 3960374, at *13 (D. Minn. June 22, 2016) (holding a *pro se* plaintiff's addition of new claims in response to defendants' summary judgment motion was improper), *adopted by* 2016 WL 3962867 (D. Minn. July 21, 2016)..

Additionally, the undisputed evidence does not support Thomas's position. The record provides that Pastor Bzoskie arranged for an imam to meet with Thomas and attempted to arrange for an imam to continue visiting at the jail, but no imam offered to voluntarily visit the jail on an ongoing basis. (Aff. of Pastor James Bzoskie ¶¶ 9-14, Dec. 27, 2016, Docket No. 181.) As Pastor Bzoskie's efforts "to recruit [imam] volunteers evidence[s] a 'good faith accommodation'" of Thomas's constitutional rights, the Court will overrule his first objection. *Akbar v. Gomez*, No. 96-55280, 1997 WL 547944, at *2 (9th Cir. Sept. 3, 1997) (quoting *Allen v. Toombs*, 827 F.2d 563, 569 (9th Cir. 1987)); *see also Shepard v. Peryam*, 657 F. Supp. 2d 1331, 1347 (S.D. Fla. 2009) ("The fact that no imam has contacted the institution, and that services have not been provided, does not amount to a constitutional deprivation.").

Thomas next requests that the Court consider two affidavits and allow him the opportunity to resubmit old affidavits that the R&R declined to consider for failing to comply with the signature and penalty of perjury requirements provided in 28 U.S.C. § 1746. However, the two affidavits do not provide any new information that the Magistrate Judge did not already consider. Those affidavits, authored by two other Muslims in the jail, state that the jail staff made disparaging comments to Muslims,

treated Muslims negatively, and rejected requests for Islamic services such as Jumu'ah. (*See* Pl.'s Objs. to R&R, May 18, 2017, Docket No. 201.)[3] The R&R already considered substantially similar affidavits. (*See* R&R at 7-8, May 8, 2017, Docket No. 198.) Finally, as to Thomas's request to resubmit previous affidavits that failed to comply with 28 U.S.C. § 1746, the Magistrate Judge explained that "even if the excluded statements were considered . . . they are heavily duplicative of information already in the record, and would not alter the Court's recommendation." (*Id.* at 7 n.5.) Thus, the Court will also reject Thomas's second objection.

In conclusion, the Court will overrule Thomas's objections, adopt the R&R, grant the defendants' motion for summary judgment, and deny plaintiffs' motion for partial summary judgment.

**ORDER**

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that**:**

1. The Court **OVERRULES** Thomas's Objections [Docket Nos. 199, 201] and **ADOPTS** the Report and Recommendation of the Magistrate Judge [Docket No. 198] as follows:

---

[3] Although Thomas indicated that he was offering two new affidavits, only the affidavit of Justin Fenney was attached to that request. (*See* Pl.'s Objs. to R&R at 3.) However, on that same date, Thomas filed an affidavit from Carl Putman in a different case he has against many of the same defendants in this case. (Aff. of Carl Putman, May 18, 2017, Case No. 16-3805, Docket No. 27.) As the affidavits appear to be substantially similar and were filed on the same date, the Court will consider the Putman Affidavit for purposes of Thomas's second objection here.

a. Thomas's Motion for Partial Summary Judgment [Docket No. 171] is **DENIED.**

b. Defendants' Motion for Summary Judgment [Docket No. 178] is **GRANTED.**

c. This action is **DISMISSED with prejudice.**

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED: August 14, 2017             ____s/John R. Tunheim____
at Minneapolis, Minnesota.          JOHN R. TUNHEIM
                                                    Chief Judge
                                       United States District Court