UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| DESEAN LAMONT THOMAS, | Civil No. 15-2197 (JRT/KMM) |
| Plaintiff, | |
| v. | **MEMORANDUM OPINION AND ORDER** |
| PASTOR JAMES BZOSKIE, LIEUTENANT LAWERENCE HEART, DAKOTA COUNTY MN, LIEUTENANT BENJAMIN VERBY, CAPTAIN RICHARD SCHROEDER, and COMMANDER DAN SCHEUERMANN, | |
| Defendants. | |

DeSean Lamont Thomas, 228679, Minnesota Correctional Facility - Rush City, 7600 - 525th Street, Rush City, MN 55069, *pro se*.

Helen R. Brosnahan and Jeffrey A. Timmerman, **DAKOTA COUNTY ATTORNEY'S OFFICE**, 1560 Highway 55, Hastings, MN 55033, for defendants.

On April 29, 2015, Plaintiff DeSean Lamont Thomas filed an action under 42 U.S.C. § 1983 asserting that, while in custody at the Dakota County Jail, Defendants Pastor James Bzoskie, Lieutenant Lawrence Heart, Lieutenant Benjamin Verby, and Dakota County ("Defendants") violated Thomas's constitutional rights. (Compl., Apr. 29, 2015, Docket No. 1; Second Am. Compl., Aug. 11, 2016, Docket No. 115.) On August 14, 2017, the Court granted summary judgement for Defendants. (Mem. Op. & Order, Aug. 14, 2017, Docket No. 204.) Thomas filed several post-trial motions, requests, and other documents.

## I. BILL OF COSTS

Defendants sought to recover $1,731.75 in costs from Thomas under Federal Rule of Civil Procedure 54(d)(1).  (Bill of Costs, Aug. 16, 2017, Docket No. 206.)  The Clerk allowed $1,656.75 and entered a cost judgment accordingly.  (Cost Judgment, Oct. 5, 2017, Docket No. 214.)

On August 25, 2017 – after Defendants filed their Bill of Costs but before the Clerk entered the cost judgment – Thomas filed a "Request for Permission to Proceed & Refute Bill of Costs."  (Request, Aug. 25, 2017, Docket No. 209.)  In it, Thomas states that the Defendants "voluntarily wasted their resources on a tactical failure, which resulted in a waste that the Plaintiff should not be responsible for," that he may still prevail on appeal, and that this action was neither frivolous nor brought in bad faith.  (*Id.* at 1-2.)  Thomas asks the Court for relief from the Bill of Costs.  (*Id.* at 2.)

Local Rule 54.3(c)(3) provides:

> (3) Review of clerk's action.
> (A) Within 14 days after the clerk taxes costs, a party may file and serve a motion and supporting documents for review of the clerk's action.
> (B) Within 14 days after being served with the motion for review, a party may file and serve a response.
> (C) Unless the court orders otherwise, a party must not file reply brief.

D. Minn. LR 54.3(c)(3).  The Local Rules afford Thomas the opportunity to seek review of the cost judgment.  But Thomas did not file a request for review within 14 days of entry of the cost judgment, meaning that Thomas has waived his ability to challenge the cost judgment under the Local Rules.  The Court will thus deny Thomas's request.

Moreover, Thomas's request – to the extent that it can be construed as a request for review of the cost judgment – contains no "supporting documents" that show why the Court should deny Defendants the costs to which Rule 54(d) presumes they are entitled. *See Thompson v. Wal-Mart Stores, Inc.*, 472 F.3d 515, 517 (8th Cir. 2006). "To rebut the presumption that the prevailing party is entitled to recover all of its costs, the district court must provide a rationale for denying the prevailing party's claim for costs. . . . A general statement of fairness is insufficient, without more, to rebut the Rule 54(d)(1) presumption for an award of costs to the prevailing party." *Id.*

## II.   MOTION TO SEAL

On September 11, 2017, Thomas filed a request "to seal the case file from public access" because he "is no longer a Muslim and does not wish to have enclosed documents to represent his cause." (Request, Sept. 11, 2017, Docket No. 210.) The Magistrate Judge denied Thomas's request, holding that the common-law right to public access to judicial records in civil proceedings is not outweighed by the interests that would be served by maintaining confidentiality of the information that Thomas seeks to be sealed. (Order at 1-2, Sept. 18, 2017, Docket No. 211.) Thomas filed an objection to the Magistrate Judge's order. (Obj., Sept. 28, 2017, Docket No. 212.)

Local Rule 5.6 governs the sealing of documents in civil cases. D. Minn. LR 5.6. A motion to seal documents is a nondispositive motion ordinarily decided by the magistrate judge. *See* D. Minn. LR 5.6(d). An objection to the magistrate judge's order disposing of a motion regarding sealing of documents is governed by Local Rule 72.2(a).

*See* D. Minn. LR 5.6(d)(4).[1]  A district court's review of a magistrate judge's order on nondispositive matters is "extremely deferential."  *See Roble v. Celestica Corp.*, 627 F. Supp. 2d 1008, 1014 (D. Minn. 2007). This Court will reverse such an order only if it is clearly erroneous or contrary to law.  *See* D. Minn. LR 72.2(a); *see also* 28 U.S.C. § 636(b)(1)(A).

The Court will overrule Thomas's Objection.  Thomas argues that his "position is of more importance" then the public's interest because Thomas's "right belongs to [him] in First Amendment c[a]pacities."  (Obj. at 1.)  The First Amendment protects an individual's right to free association,[2] including anonymous association.  *See NAACP v. Alabama*, 357 U.S. 449, 460-66 (1958).  But the First Amendment also protects the public's right to access certain judicial proceedings.  *See Richmond Newspapers, Inc. v. Virginia*, 448 U.S. 555, 572-75 (1980).  "There is [also] a common-law right of access to judicial records."  *IDT Corp. v. eBay*, 709 F.3d 1220, 1222 (8th Cir. 2013).

The Magistrate Judge did not clearly err in denying Thomas's request.  The Magistrate Judge "consider[ed] the degree to which sealing" this entire record "would interfere with the interests served by the common-law right of access," and the Magistrate Judge "balance[d] that interference against the salutary interests served by maintaining

---

[1] Although Local Rule 5.6(d) provides procedures for filing documents under seal in connection with the filing of a motion, which Thomas's motion is not, the Court nevertheless construes Rule 5.6(d)'s procedures to apply to Thomas's post-trial motion to seal the entire case.

[2] Thomas does not appear to be asserting a First Amendment right of free association. Rather, he appears to be asserting a First Amendment right that requires the government to refrain from making publically accessible documents that associated him with a group with which he no longer wants to associate.

confidentiality" of the entire record.  *Id.* at 1223.  The Magistrate Judge found that Thomas's request was "too broad," that his request would "include documents that formed the basis of the Court's decisions," and that Thomas's decision to no longer practice Islam is not a "strong 'countervailing reason'" to justify sealing this entire case. (Order at 1-2 (quoting *IDT*, 709 F.3d at 1224).)  The Magistrate Judge's order was not clearly erroneous or contrary to law.  The Court will therefore overrule Thomas's objection.

### III.  MOTION FOR LEAVE TO FILE WRIT OF CERTIORARI

On October 12, 2017, Thomas filed a "Motion for Leave to File Writ o[f] Certiorari with U.S. Supreme Court."  (Mot., Oct. 12, 2017, Docket No. 215.)  In that motion, Thomas asks the Court for information and "documents to file certiorari in the Supreme Court." (*Id.* at 2.)  First, the Court generally may not aid specific litigants – even pro se litigants that are incarcerated – by providing legal information or advice beyond standard notices, routine service of documents, and generally applicable information, such as the Prisoner Civil Rights Federal Litigation Guidebook, which the Court already provided Thomas.  (Letter at 1, April 13, 2016, Docket No. 63.)  Court-provided aid to a specific litigant in a particular matter risks the appearance that the Court is not impartial.  *See United States v. Sturdivant*, 420 F. App'x 651, 652 (8th Cir. 2011). Second, Thomas does not need permission from this Court to file a petition for writ of certiorari with the United States Supreme Court.  *See* Sup. Ct. R. 10-14.  The Court will therefore deny Thomas's motion as moot.

## IV. REQUEST FOR FREE COPIES OF COURT RECORDS

Also on October 12, 2017, Thomas filed a "Request for Entitled One Free Copy," asking that the Court provide him "1 free copy o[f] all filings." (Request, Oct. 12, 2017, Docket No. 216.) Generally, when the Court files a document, the Court mails a copy to Thomas; and when a Defendant files a document, that Defendant mails a copy to Thomas. *See* Fed. R. Civ. P. 5. Beyond that, Thomas is not entitled to free copies of court filings. On April 13, 2016, the Clerk of Court sent a letter to Thomas stating that, under 28 U.S.C. § 1915, Thomas's in forma pauperis status does not entitle Thomas to free copies of court documents. (Letter at 1.) The Court will therefore deny Thomas's request.

## V. THOMAS'S OTHER FILINGS

On October 26, 2017, Thomas filed a document titled "Judicial Notice and Proclamation," along with an Affidavit in Support. (Judicial Notice and Proclamation; Oct. 26, 2017, Docket No. 217; Aff. Supp., Oct. 26, 2017, Docket No. 218.)[3] Thomas asks for a writ of pluries related to two other matters of his, which have both proceeded to final judgment: *Thomas v. Roy*, No. 17-2790 (D. Minn. Sept. 12, 2017), and *Thomas v. Contaminated Water*, No. 17-4017 (D. Minn. Oct. 16, 2017). Besides the fact that a writ of pluries is not available either in Minnesota or in federal court, a court may not afford

---

[3] Thomas's papers are not stylized as a request or a motion, but to the extent that his papers request relief from judgments, that request is denied with prejudice. To the extent that his papers request any other relief, those requests are denied without prejudice.

relief from judgment unless there is mistake, inadvertence, surprise, excusable neglect, certain newly discovered evidence, fraud, or if the judgment has been satisfied, released, or vacated.  *See* Fed. R. Civ. P. 60.[4]  Thomas's papers do not provide a justification for relief from either judgment or the judgment in this action.

On October 30, 2017, Thomas filed a Motion for Reconsideration, Motion for Revival, and Motion to Stay Cost.  (Mot. for Recons., Oct. 30, 2017, Docket No. 219.)[5] A motion to reconsider under Local Rule 7.1(j) is granted "only upon a showing of compelling circumstances."  D. Minn. L.R. 7.1(j); *see Transclean Corp. v. Bridgewood Servs., Inc.*, 134 F. Supp. 2d 1049, 1060 (D. Minn. 2001).  A motion to reconsider should not be employed to relitigate old issues, but to "afford an opportunity for relief in extraordinary circumstances."  *Dale & Selby Superette & Deli v. U.S. Dep't of Agric.*, 838 F. Supp. 1346, 1347-48 (D. Minn. 1993).  Thomas argues that the Court should reconsider and reopen his case because he did not have any rights under the Fourteenth Amendment until July 8, 2016 (when Thomas "secur[ed] incorporeal status), in light of the Supreme Court's decision in *Dred Scott v. Sandford*, 60 U.S. 393 (1857).  Thomas is mistaken.  The Fourteenth Amendment was ratified after, and overruled, the *Dred Scott* decision.  *Washington v. Glucksberg*, 521 U.S. 702, 758 (1997) (Souter, J., concurring).

---

[4] Thomas also makes reference to and cites to provisions from Article III of the Minnesota Commercial Code.  (Proclamation at 1; Aff. at 1-2.)  Thomas does not explain, and the Court cannot surmise, why the Minnesota Commercial Code is relevant to or applies to Thomas's § 1983 claim or to any of his post-trial motions.

[5] To the extent that Thomas's motion of October 30, 2017, is a motion to review the cost judgment, that motion is both untimely and lacks "supporting documents" sufficient to overcome the presumption that the prevailing party is entitled to costs under Rule 54(d). D. Minn. LR 54.3(c)(3).

Thomas has always been, and remains, protected by the Fourteenth Amendment. Therefore, Thomas has failed to show compelling circumstances that warrant reconsideration or reopening of Thomas's case.

Thomas captions his papers "Young Black Lion *a/k/a* DeSean Lamont Thomas," and states that earlier litigation was "illegally entertained in the fictitious name." (Aff. at 1-2.)[6] First, Thomas provides no evidence that his legal name is "Young Black Lion" and not "DeSean Lamont Thomas." Second, what Thomas asserts – incorrect legal names – amounts to a "clerical mistake" in the judgments, which the Court could correct upon a proper showing; but such mistakes are not grounds for relief from final judgment. *See* Fed. R. Civ. P. 60(a); *First Nat'l Bank in Sioux Falls v. First Nat'l Bank S.D.*, No. 06-4101, 2011 WL 835815, at *4 (D.S.D. Mar. 4, 2011), *aff'd*, 679 F.3d 763 (8th Cir. 2012). To the extent that Thomas relies on an incorrect name as grounds for relief from judgment, that request is denied.

---

[6] It appears that Thomas's references to "Young Black Lion" are to the Minnesota nonprofit corporation Young Black Lion. Filing was made with the Minnesota Secretary of State on July 8, 2016, Young Black Lion's registered agent is Jasmine Conley, and the corporation's registered address is 935 St. Anthony Avenue West, St. Paul, MN 55104. *See* Business Record Details, Young Black Lion, Office of the Minn. Sec'y of State Steve Simon, https://mblsportal.sos.state.mn.us/Business/SearchDetails?filingGuid=f249ed01-3d45-e611-816b-00155d01c56d (last visited Nov. 1, 2017). But Thomas provides no information or evidence connecting him to Young Black Lion. Nor would any such information or evidence change the outcome of this case or the court's ruling on Thomas's motions because a corporation is a separate legal entity, distinct from Thomas. *W. Bend Mut. Ins. Co. v. Allstate Ins. Co.*, 776 N.W.2d 693, 706 (Minn. 2009).

**ORDER**

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that

1. Plaintiff's Request for Permission to Proceed & Refute Bill of Costs [Docket No. 209] is **DENIED**.

2. Plaintiff's Objection [Docket No. 212] is **OVERRULED**.

3. Plaintiff's Motion for Leave to File Writ O Certiorari with U.S. Supreme Court [Docket No. 215] is **DENIED without prejudice** as moot.

4. Plaintiff's Request for Entitled One Free Copy [Docket No. 216] is **DENIED**.

5. Plaintiff's Motion for Reconsideration, Motion for Revival, Motion to Stay Cost [Docket No. 219] is **DENIED**.

DATED: November 21, 2017　　　　　_____s/John R. Tunheim_____
at Minneapolis, Minnesota.　　　　　　　JOHN R. TUNHEIM
　　　　　　　　　　　　　　　　　　　　Chief Judge
　　　　　　　　　　　　　　　　　United States District Court